THE PEOPLE OF THE STATE OF NEW YORK, PLAINTIFF IN ERROR, *v.* JACOB HARTMANN, JUNIOR, AND GEORGE FISHER, COMMISSIONERS OF EXCISE OF THE TOWN OF EAST-CHESTER, DEFENDANTS IN ERROR.

*Excise law — petition of twenty freeholders — Hotel and tavern license.*

The provisions of section 6 of chapter 628 of 1857, requiring a petition of twenty freeholders as a prerequisite to the granting of a license for the sale of spirituous liquors, is repealed by section 4 of chapter 175 of 1870, as amended by section 2 of chapter 549 of 1873.

The provision of said act, forbidding the granting of licenses to persons not having sufficient ability to keep a tavern, and not having the necessary accommodations to entertain travelers, is still in force.

APPEAL from a judgment of the Court of Sessions of Westchester county in favor of the defendants in error, entered on a motion to quash an indictment found against them in said court, as commissioners of excise of the town of Eastchester, for granting licenses contrary to the provisions of section 6 of chapter 628 of 1857.

*Wm. H. Van Cott,* for the plaintiffs in error.

*W. Bourke Cockran,* for the defendants in error.

DYKMAN, J. :

The defendants were indicted for improperly granting licenses for the sale of spirituous liquors, as commissioners of excise of the town of Eastchester, in Westchester county. In various ways and in different counts in the indictment the defendants were charged with granting license to various persons to sell spirituous liquors, to be drank on the premises, without the presentation of a petition signed by twenty freeholders of the State residing in the election district where the tavern was proposed to be kept; second, with granting license to sell spirituous liquors, to be drank on the premises of the person licensed, in cases where such person had not sufficient ability to keep a tavern, and had not the necessary accommodations to entertain travelers; and third, with granting licenses to persons who were not of good moral character.

The district attorney obtained permission to enter a *nolle prose qui* upon the counts which charged the last offense, and then, upon motion of the defendants, the court quashed the indictment in respect to the counts which charged the two first-named offenses and gave judgment for the defendants.

The first question presented here is, has section 6 of the Laws of 1857, chapter 628, been so far abrogated by section 4 of chapter 175 of the Laws of 1870, as amended by section 2 of chapter 549 of the Laws of 1873, as to dispense with the necessity of a petition by twenty freeholdors as a prerequisite to the granting of a license for the sale of spirituous liquors to be drank on the premises. In the case of the *People* v. *Smith* (9 Hun, 446), in the fourth department, it was held by the General Term that the provisions of the law were so abrogated, and that license for the sale of spirituous liquors to be drank on the premises, might be granted by the commissioners of excise to any person of good moral character approved by them on the written application signed by the applicant only.

It is not intended to assert that any such or similar language was used by the court in the opinion in that case, but simply that such is the doctrine and teaching of that case. Now, this decision has since been reversed in the Court of Appeals, but not upon this point; and, as we understand the opinion, it is to the effect that no petition of freeholders is now necessary. Even if we were not bound by this decision, we should have no hesitation in holding the same way. As to these counts in this indictment, therefore, which charged these defendants with this offense, the judgment of the court below is right.

Now, as to the second question, this indictment contains two counts which charge, substantially, that these defendants had granted license to various persons to sell strong and spirituous liquors, who had not sufficient ability to keep an inn, tavern or hotel, nor the necessary accommodation to entertain travelers.

These allegations bring this case directly within the principle decided by the Court of Appeals in the case of *The People* v. *Smith*. There the defendant was indicted for selling strong and spirituous liquors in quantities of less than five gallons at a time, to be drank on his premises, without having a license therefor as a hotel-keeper. The jury found him guilty. There was no question

but what he did sell in the quantities named, to be drank on his premises, nor but that he did so without having a tavern license. His defense was, however, that he had license from the excise board to sell on his premises in the quantities named, under and in pursuance of the law of 1870, as amended by the law of 1873. The Court of Appeals held that this was not sufficient, and reversed the decision of the General Term, and affirmed the conviction.

This seems to be decisive of this case; and we hold, in accordance with it, that the tenth and eleventh counts in this indictment charged an offense which was indictable.

The court below was in error in quashing the indictment as to these two counts, and the judgment must be reversed.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Judgment reversed and new trial granted.